UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN LORING,

        Petitioner,

   v.

ALICE PAYNE,

        Respondent.

Case No. C05-1599-JLR-JPD

ORDER

Petitioner is an inmate at the McNeil Island Corrections Center in Steilacoom, Washington, and has filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus. Respondent has filed a response opposing the petition. Following a careful review of the parties' pleadings and the record, the Court finds that the petition raises both exhausted and unexhausted claims. Therefore, the Court recommends offering petitioner the option to: (1) amend his petition in order to proceed only with his exhausted claims, (2) withdraw the entire petition and resubmit it once he has exhausted his remaining claims, or (3) show good cause as to why the Court should stay the entire petition pending the exhaustion of his unexhausted state claims.

FACTS AND PROCEDURAL HISTORY

In the spring and summer of 1996, petitioner lived with his brother's family and their three-year-old daughter, A.J. Dkt. No. 11, Ex. 2 at 2. Several years later, when she was eight,

ORDER
PAGE -1

A.J. told her mother that petitioner had sexually abused her when he had lived with them in 1996. *Id.* Over the course of the next several weeks, A.J. revealed details of her experience to a nurse at Harborview and to Ashley Wilske, a child interviewer with the King County Prosecutor's office. *Id.* During an interview with Wilske, A.J.'s minor sister, N.L., informed investigators that petitioner had sexually abused her since she was seven. *Id.* at 3.

Petitioner was charged with one count of Rape of a Child in the First Degree and one count of Rape of a Child in the Third Degree. *Id.* Before trial, the court conducted a competency hearing to determine whether A.J. was competent to testify, and whether her out-of-court statements to her mother and Ms. Wilske could be admitted into evidence. *Id.* Following testimony by A.J., her mother, Wilske, and an expert in child memory and psychology, the trial court determined that A.J. was competent to testify and admitted her out-of-court statements. *Id.* at 2-5. On April 11, 2003, petitioner was convicted on one count of Rape of a Child in the First Degree and one count of Rape of a Child in the Third Degree. Dkt. No. 11, Ex. 1.

Proceeding through counsel, petitioner appealed his conviction to the Washington State Court of Appeals. Dkt. No. 11, Ex. 3. In his brief, plaintiff raised the following assignments of error:

1. The trial court erred in finding [A.J.] competent to testify;

2.. The trial court erred in admitting [A.J.'s] hearsay statements under the child hearsay exception;

3. [Petitioner] received ineffective assistance of counsel;

4. Prosecutorial misconduct denied appellant his right to a fair trial; and

5. Cumulative error denied [petitioner] his right to a fair trial.

Dkt. No. 11, Ex. 2.

After the State filed its responsive brief, petitioner filed a supplemental pro se brief that raised two additional assignments of error.[1]  Dkt. No. 11, Exs. 4, 5.  He argued:

> 1  The trial court committed automatic reversible error when it allowed the untimely midtrial amendment after the state had rested, violating the statute of limitations; and
>
> 2.  The [petitioner's] United States Constitutional Amendments 6th and Washington State Article I Section 22 right to a fair trial was violated when the trial court judge committed a manifest abuse of discretion when he erroneously found A.J. competent to testify at trial.

Dkt. No. 11, Ex. 5.

Petitioner's attorney then filed a reply brief which raised a new issue that had not been raised in the opening brief or petitioner's supplemental pro se brief.  Relying on *Crawford v. Washington*, 541 U.S. 36 (2004), he asserted that the trial court erroneously had allowed A.J.'s out-of-court statements to be admitted without petitioner having an opportunity to cross-examine.  Dkt. No. 11, Ex. 6 at 1-5.  The State moved to strike the *Crawford* argument stating that it had been raised for the first time in the reply brief.  Dkt. No. 11, Ex. 7.  Petitioner's counsel opposed the motion, but the Court of Appeals granted the motion to strike and affirmed petitioner's conviction.  Dkt. No. 11, Exs. 2, 8, 9.

Proceeding through counsel, petitioner filed a petition for review with the Washington Supreme Court, raising the following issues:

> 1.  Where [A.J.] could not accurately relate events occurring contemporaneously with the alleged incident at issue, did the trial court err in finding her competent to testify?
>
> 2.  Where [A.J.] was incompetent as a witness and therefore unavailable, did the trial court's admission of [A.J's] out-of-court statements violate [petitioner's] right to confront his accusers?

---

[1] The "Assignment of Error" portion of petitioner's supplemental appellate brief raised six assignments of error, but the body of the brief only addressed the two issues described above.  Dkt. No. 11, Ex. 5.

ORDER
PAGE -3

> 3. Did [petitioner] receive ineffective assistance of counsel where defense counsel failed to object to testimony vouching for [N.L.'s] veracity and testimony by [A.J's] father that she exhibited behaviors he believed typical of a female child who had been molested?
>
> 4. Did prosecutorial misconduct deny petitioner his right to a fair trial where the prosecutor argued defense counsel was "desperate" and resorting to the "age old strategy" of "blame the victim," warning jurors not to "fall for it?"

Dkt. No. 11, Ex. 10. The Washington Supreme Court denied review without comment. Dkt. No. 11, Ex. 11. On May 6, 2005, the Washington Court of Appeals issued its mandate. Dkt. No. 11, Ex. 12. Petitioner did not file a collateral attack of his sentence. Instead, he timely filed the present 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. No. 4.

## CLAIMS FOR RELIEF

This § 2254 petition raises four claims for relief:

> 1. The accuser was not competent to testify, in violation of [petitioner's] U.S. Const. 6th Amend right to a fair trial;
>
> 2. [Petitioner's] U.S. Const. 6th Amend right to confrontation was violated when the court admitted hearsay statements;
>
> 3. Defense counsel rendered ineffective assistance, in violation of [petitioner's] U.S. Const. 6th Amend. right; and
>
> 4. Prosecutorial misconduct denied [petitioner] of his U.S. Const. 6th Amend. right to a fair trial.

Dkt. No. 1. Respondent contends that the petition should be denied because petitioner has failed to exhaust fully all of his claims in state court. Dkt. No. 8. Alternatively, respondent argues that the petition is a "mixed" petition that should be dismissed without prejudice, or held in abeyance, pending the exhaustion of petitioner's claims in state court. *Id*.

## DISCUSSION

A.  <u>This is a "Mixed Petition" That Presents Both Unexhausted and Exhausted Claims.</u>

In order for a federal district court to review the merits of a § 2254 petition for writ of habeas corpus, the petitioner must first exhaust his state-court remedies. 28 U.S.C.

ORDER  
PAGE -4

§ 2254(b)(1)(A); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).  A petitioner can satisfy the exhaustion requirement by either:  (1) fairly and fully presenting each of his federal claims to the state's highest court, or (2) demonstrating that no state remedies are available to him.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (internal citations omitted).  A petitioner fairly and fully presents a claim if he submits it "(1) to the proper forum, . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim."  *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Ninth Circuit requires that a petitioner explicitly identify the federal basis of his claims either by identifying specific portions of the federal Constitution or statutes, or by citing federal or state case law that analyzes the federal Constitution.  *Id*. at 668;  *Fields*, 401 F.3d at 1021 (citing *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000)).  This is to ensure that state courts are adequately alerted to the fact that the petitioner is raising federal constitutional claims.  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam).  Hence, alluding to broad constitutional principles, without more, does not satisfy the exhaustion requirement.  *Id.*  Similarly, it is not enough to raise an analogous or substantially similar state law claim. *Id.*;  *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005).

1. <u>Petitioner's First and Fourth Claims Are Unexhausted</u>.

Petitioner has failed to present fairly and fully his first and fourth claims to the Washington Supreme Court.  In the "Reasons Why Review Should Be Accepted and Argument" section of his Washington Supreme Court brief, petitioner makes a broad statement that his case involved "several fundamental rights granted by the state and federal constitutions:  the right to confront and cross-examine one's accusers; the right to effective representation; and the right to a fair trial.  U.S. Const. Amend. VI."  Dkt. No. 11, Ex. 10 at 11.  However, standing alone, this broad and generalized constitutional reference, detached from the specific arguments elaborated upon in petitioner's brief, fails to satisfy the exhaustion

ORDER
PAGE -5

requirement. It did not adequately alert the Washington Supreme Court to the specific federal issues petitioner now purports to raise. *Castillo*, 399 F.3d at 999, 1001; *Hiivala*, 195 F.3d at 1106.

Petitioner describes his first claim as "[t]he accuser was not competent to testify, in violation of [petitioner's] U.S. Const. 6th Amend right to a fair trial." Dkt. No. 1. He further explains that "[t]he accuser was incompetent because she could not accurately relate events occurring contemporaneously with the alleged incident," and that the memory of events that occurred years earlier by an eight-year-old-child "is not reliable." *Id.* In his petition to the Washington Supreme Court, however, petitioner articulated this claim as "[w]here [A.J.] could not accurately relate events occurring contemporaneously with the alleged incident at issue, did the trial court err in finding her competent to testify?" Dkt. No. 11, Ex. 10. This claim relied exclusively on part of a Washington case that cited no federal statute or case law, nor any portion of the United States Constitution. Indeed, the cited state case analyzed how to evaluate the competency of child testimony under Washington law. *Id.* at 12-13. Because petitioner failed to articulate a federal basis for this claim to the Washington Supreme Court, this claim is unexhausted. *Fields*, 401 F.3d at 1020-21.

Petitioner's fourth claim is also unexhausted. He claims that "[p]rosecutorial misconduct denied [petitioner] of his U.S. Const. 6th Amend. right to a fair trial." Dkt. No. 1. Specifically, he takes issue with the fact that "the prosecutor told the jury that defense counsel was resorting to the age old strategy of blame the victim and pleaded with them not to fall for it." *Id.* Petitioner raised a prosecutorial-misconduct claim in his petition for review to the Washington Supreme Court, but provided no federal basis for that claim. Like his first claim, he cited Washington case law only and no federal case, statute, or Constitutional provision. Neither state case relied upon by petitioner analyzed applicable federal law in any meaningful way. *Fields*, 401 F.3d at 1020-22. This claim is, therefore, unexhausted.

2. <u>Petitioner's Second Claim Is Considered Exhausted</u>.

Petitioner's second claim for relief is properly exhausted. Petitioner's second claim for relief is that his "U.S. Const. 6th Amend right to confrontation was violated when the court admitted hearsay statements." Dkt. No. 1. In his petition before the Washington Supreme Court, petitioner's second claim explicitly cited the Sixth Amendment and the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). The petition maintained that "out-of-court statements by witnesses that are testimonial are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a prior opportunity to cross examine them[.]" Dkt. No. 11, Ex. 10 (emphasis omitted). It went on to contend that "because [A.J.] was unavailable and [petitioner] had no prior opportunity for cross-examination, her out of court's [sic] statements should have been excluded. Their admission violated petitioner's Sixth Amendment right to confront." *Id.* Hence, petitioner presented the federal basis for his claim to the Washington Supreme Court.

3. <u>Petitioner's Third Claim is Properly Exhausted</u>.

Petitioner's third claim is properly exhausted. According to his petition, "Defense counsel rendered ineffective assistance, in violation of [petitioner's] U.S. Const. 6th Amend. right." Dkt. No. 1. Petitioner raised this claim in his petition for direct review when he raised the following issue: "Did [petitioner] receive ineffective assistance of counsel where defense counsel failed to object to testimony vouching for [N.L.'s] veracity and testimony by [A.J.'s] father that she exhibited behaviors he believed typical of a female child who had been molested?" Dkt. No. 11, Ex. 10. Although the petition's discussion of this issue did not explicitly cite any federal case law or constitutional provision, it did rely upon a Washington case that identified and discussed the federal standards for ineffective assistance of counsel. *Id*. *State v. Dawkins*, expressly referenced the "Sixth Amendment right to effective assistance of counsel," and quoted the standard articulated in *Strickland v. Washington*. 71 Wash. App. 902, 863 P.2d 124 (Wash. App. Div. 2 1993) (citing *Stickland v. Washington*, 466 U.S.668 (1984)).

ORDER
PAGE -7

Reference to a Washington case that analyzes a federal issue is sufficient for purposes of exhaustion. *Fields* 401 F.3d at 1020-22.

> B. Because This Is a Mixed Petition, the Petitioner Has Two Options: Dismissal With An Opportunity to Amend, or Stay-and-Abeyance.

Because two of petitioner's four claims are exhausted, and the other two are not, this petition is "mixed." *Jackson v. Roe*, 425 F.3d 654, 658 (9th Cir. 2005) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Therefore, the Court has two options.[2] First, the Court could dismiss all or part of the petition without prejudice. *Jefferson v. Budge*, 419 F.3d 1013, 1016-17 (9th Cir. 2005). Because dismissal of the entire petition could result in the statute of limitations expiring on the exhausted claims, a decision by petitioner to dismiss should be limited to dismissing his unexhausted claims. If petitioner chooses this option, he should file an amended petition asserting only his exhausted claims. *Id*.

Alternatively, the Court has discretion to stay the mixed petition to allow petitioner an opportunity to return to state court to present his unexhausted claims. *Jackson*, 425 F.3d at 660-61. Once petitioner has properly exhausted his unexhausted claims, he could move forward with all of the claims in the current petition without fear that the statute of limitations might bar them. This "stay-and-abeyance" procedure, however, is only available in "limited circumstances" in which the Court finds that petitioner had "good cause" for failing to exhaust the claims. *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). It should not grant the stay if claims are meritless, or if petitioner engages in "abusive litigation tactics or intentional delay."

---

[2] The Ninth Circuit also offers an third alternative. *Jackson v. Roe*, 425 F.3d 654, 658 (9th Cir. 2005). Under this third alternative, the Court: (1) allows petitioner to amend his petition to remove the unexhausted claims; (2) stays and holds in abeyance the amended, fully exhausted petition so that petitioner can return to state court to exhaust his unexhausted claims; and (3) permits petitioner to return to Court to re-insert into his stayed petition the newly-exhausted claims. *Id.* at 658-59. This procedure is distinct from the stay-and-abeyance procedure described in *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005), since it concerns abeyance of a fully-exhausted petition. The Supreme Court has not yet ruled on the propriety of this option, but *Jackson* noted that it may "fall into disuse" in the wake of *Rhines*, because it is "unnecessarily cumbersome." *Id.* at 661 n.10.

ORDER
PAGE -8

*Id.* Any stay that is granted should be for a reasonable period of time designed to allow petitioner to exhaust his claims properly. *Id.*

In this case, if the petitioner wishes to exercise this option, he should file a memorandum demonstrating why his petition should be stayed and held in abeyance, *e.g.*, good cause as to why he failed to exhaust the claim(s) described above.

C. <u>An Evidentiary Hearing is Not Required.</u>

In his reply brief, petitioner asserts (for the first time) that the Court should conduct an evidentiary hearing. Dkt. No. 12. Respondent argues that an evidentiary hearing is not required. Dkt. No. 8. Generally, an evidentiary hearing is appropriate in a § 2254 proceeding "when petitioner's allegations, if proven, would entitle him to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (internal citations omitted). An evidentiary hearing, however, is not required when the Court is able to resolve the petition on the existing state court record. *Id.* To resolve the issues presented at this time by the petition, the Court need only review the record in its current form because it includes all of petitioner's state court briefs and the decisions associated with them. Therefore, an evidentiary hearing is not necessary at this time.

## CONCLUSION

For the reasons discussed above, I recommend that the Court issue an order directing the petitioner to choose within thirty (30) days between amending his petition in order to proceed only with his exhausted claims, or alternatively, to show good cause as to why the Court should stay the entire petition pending the prosecution of his unexhausted claims in state court.

DATED this 24th day of March, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE -9